UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONTRALE PHILLIPS (#464769)

VERSUS                                        CIVIL ACTION

RAPIDES PARISH JUDGE'S OFFICE,                NUMBER 15-250-SDD-SCR
ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 28, 2015.

                                            /s/ Stephen C. Riedlinger
                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONTRALE PHILLIPS (#464769)

VERSUS                                            CIVIL ACTION

RAPIDES PARISH JUDGE'S OFFICE,                    NUMBER 15-250-SDD-SCR
ET AL

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, against Rapides Parish Judge Thomas M. Yeager, Rapides Parish Asst. District Attorney Brian D. Cespiva, Rapides Parish Detention Center #3 Warden John Aaron, Rapides Parish Detention Center #1 Warden Antoine Batiste, Rapides Parish Public Defender Michael Jeansonne, Eastern Louisiana Mental Health System Assistant, Forensic Division Clinical Director B.J. Bordenave, Eastern Louisiana Mental Health System, Forensic Division (hereafter "ELMHS") Chief Executive Officer Hampton P. S. Lea, ELMHS Psychiatrist Dr. Clay Kelly, ELMHS Psychologist Pam Windham, ELMHS Director of Community Forensic Services Michelle Duncan, the Louisiana State Penitentiary (hereafter "LSP") Mental Health/ Medical/Classification Departments, LSP Warden Burl Cain, LSP nurse practitioner Karla Bringedahl, mental health clinician M.B., and

the State of Louisiana.[1]

Plaintiff alleged that on December 13, 2012, Rapides Parish District Court Judge Yeager ordered a sanity commission. On March 18, 2013, after holding that the plaintiff lacked the capacity to understand the proceedings against him or to assist in his own defense, the court ordered the plaintiff's pretrial commitment in ELMHS for treatment. Plaintiff alleged that the district attorney was ordered to provide ELMHS officials with a copy of the sanity commission report but failed to do so. Plaintiff alleged that Dr. Kelly and psychologist Windham subsequently issued a report stating that the plaintiff was competent even though they had not reviewed the sanity commission report and believed the plaintiff suffered from a mental illness.

Plaintiff alleged that on June 10, 2013, the case was scheduled for trial. Plaintiff alleged that his defense counsel, Michael Jeansonne, remained silent even though he knew the trial court had not actually found the plaintiff competent to stand trail. Plaintiff alleged that he was found guilty and was

---

[1] In the caption of the Complaint, the plaintiff identified the parties first by identifying the entity which employed the party and then by name. Record document number 1, p. 1. It appears that the docket sheet identifies each party's employer as a defendant and subtitles the actual defendants. For purposes of this report and recommendation, the court assumed that the defendants are those persons identified in the body of the Complaint at pp. 4-5. Plaintiff did not allege any facts against the entities erroneously identified on the docket sheet as defendants.

sentenced to a 90 year term of imprisonment in the custody of the Louisiana Department of Public Safety and Corrections.[2]

Plaintiff alleged that on March 12, 2014, while undergoing a medical interview, he complained that he was not receiving treatment for his mental illness, medical personnel at LSP were not qualified to treat him, and he should be transferred to a mental hospital for treatment. Plaintiff alleged that LSP nurse practitioner Bringedahl threatened to file a disciplinary report against him for malingering. Plaintiff alleged that when he insisted that his complaints were legitimate, Bringedahl issued him a disciplinary report for aggravated disobedience and disrespect. Plaintiff alleged that he was found guilty of the disciplinary rule violation and was sentenced to extended lockdown.

Plaintiff alleged that on July 14, 2014, LSP mental health personnel informed the disciplinary board that he does not have a mental disorder and that there were no mental health issues which the disciplinary board should consider when sentencing the plaintiff.

Plaintiff alleged that his constitutional rights were violated and he was subjected to a miscarriage of justice as a result of his criminal conviction and subsequent imprisonment. Plaintiff sought monetary damages, release from prison and a transfer to a mental

---

[2] Plaintiff's conviction and sentence were affirmed on appeal. *State v. Phillips*, 2014 WL 4926152 (La.App. 3 Cir. 10/1/2014)

institution for treatment of his mental illness.

## I. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.;* *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

4

### B. False Disciplinary Reports

Plaintiff alleged that while confined at LSP, he was issued a false disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### C. Eleventh Amendment Immunity

Plaintiff named the State of Louisiana and various LSP departments as defendants. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S.

5

445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**D. *Heck* Bar to § 1983 Claims**

Plaintiff's claims regarding the validity of his conviction and sentence must initially be pursued through habeas corpus since his claims challenge the duration of confinement, and the resolution of his claims may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Plaintiff asserted essentially that he was not competent to stand trial under the guise of § 1983. The principles announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) preclude this claim. In *Heck*, the Supreme Court considered whether a plaintiff

6

could challenge via § 1983 his criminal conviction and sentence, including "other harm[s] caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. at 478, 483, 486, 114 S.Ct. 2364.

The Court held that such claims are "cognizable" only if the plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87, 114 S.Ct. 2364. Plaintiff did not allege that his conviction and sentence have been reversed or otherwise called into question.

Unless he can demonstrate that a state court or other authorized tribunal has determined that he has been improperly convicted and sentenced, the plaintiff has no damages claim against any defendant cognizable under § 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim upon which relief can be granted, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

7

§1915(e)(2)(B)(i) and (iii) and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, April 28, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE